## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

                                  Case No.  13-CR-3479 KBM

vs.

ANTOINETTE CHEE,

     Defendant.


## DEFENDANT ANTOINETTE CHEE'S SENTENCING MEMORANDUM

Ms. Antoinette Chee, by and through undersigned counsel, hereby submits the following sentencing memorandum to aid the Court at sentencing and requests a within-Guidelines sentence.  Specifically, Ms. Chee respectfully requests a time-served sentence of three days imprisonment, followed by a limited term of supervised release that includes two days home detention without electronic monitoring as a substitute for further imprisonment.  The Government does not oppose Ms. Chee's request.

## BACKGROUND

**I.**    **Recent Changes in Ms. Chee's Personal Circumstances.**

Ms. Chee's personal background is detailed in the presentence report ("PSR") and addendum to the PSR.  Since the addendum to the PSR was disclosed, significant changes have occurred in Ms. Chee's personal life.  On March 21, 2014, Ms. Chee's estranged husband filed for divorce, and he continues to provide little to no financial support to Ms. Chee.  Ms. Chee is the sole caregiver of their four minor children.  Because of the foregoing, Ms. Chee was forced to take a leave of absence from school so that she could seek employment and focus on her

children's needs during this tumultuous time.  She has scraped together odd babysitting jobs while her children are in school, but aside from this and the occasional minuscule support from her estranged husband, she earns no income.  As set forth in the addendum to the PSR, Ms. Chee's monthly expenses far exceed her monthly income, making it very difficult for Ms. Chee to provide for her family.  (Add. PSR at 2.)

Ms. Chee and her four children continue to live in Colorado Springs, Colorado on Fort Carson Army Base.  Ms. Chee plans to remain in Colorado through the end of the year in order to provide stability for her children and to allow her time to finish school.  Ms. Chee will be resuming classes at Pima Medical Institute's medical assistant program on April 14, 2014.[1]  At the time of her PSR interview, Ms. Chee indicated that she would be able to stay in Albuquerque, New Mexico after her sentencing hearing for a period of time in order to fulfill her sentencing obligations in this case.  (*See* PSR ¶ 41.)  Because her marriage has deteriorated since that time and she no longer can rely on her estranged husband to care for their children in her absence, staying in Albuquerque to serve out any term of jail or community confinement would be a tremendous burden on Ms. Chee and her children.

## II.    **Procedural History and Facts Relevant to Instant Offense.**

On February 28, 2013, Ms. Chee received three Kirtland Air Force Base ("KAFB") citations related to a traffic accident involving Ms. Chee's vehicle and a parked tractor trailer. (*See* Doc. 1 at 7-9.)  According to discovery provided by the Government, at approximately 11:00 p.m. on February 28, 2013, KAFB investigating officers handcuffed, arrested and took Ms. Chee into custody for questioning related to the traffic accident.  At approximately 4:00 a.m. on

---

[1]     If Ms. Chee misses three or more days of class this spring, she will have to withdraw her enrollment for this semester and delay her schooling until July 2014.

March 1, 2013, Ms. Chee was released on her own recognizance.  On October 29, 2013, Ms. Chee accepted responsibility for her conduct and entered a guilty plea, pursuant to a plea agreement, to the offense of driving while license suspended, contrary to 18 U.S.C. § 13(a) and NMSA 1978, § 66-5-39.[2]  (Doc. 5.)  As part of the plea agreement, the Government dismissed the two other KAFB citations from February 28, 2013 and a third KAFB citation issued on July 10, 2013 for failing to carry or exhibit a license.  (*Id.*; *see also* Doc. 1 at 6.)  At the October 29, 2013 plea hearing, the Court released Ms. Chee on her own recognizance and ordered her to enter the custody of the U.S. Marshals Service ("USMS") for the purpose of processing.  On the same day, Ms. Chee was processed through the USMS and was handcuffed for a period of time while in USMS custody.

On December 20, 2013, the U.S. Probation Office disclosed Ms. Chee's PSR, and on January 23, 2014, Probation disclosed an addendum to the PSR.  The PSR calculates Ms. Chee's offense level to be four and her criminal history category to be I, yielding an advisory U.S. Sentencing Guidelines range of zero to six months imprisonment in Zone A.  Because Ms. Chee pled guilty to a New Mexico state offense under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, the PSR further sets forth the state statutory sentencing range of four to 364 days imprisonment.

## ARGUMENT

Ms. Chee respectfully requests a time-served sentence of three days imprisonment, followed by a limited term of supervised release that includes two days home detention without

---

[2]    Over the last two and one-half years, Ms. Chee has made numerous attempts to get her license reinstated.  To date, she has been unsuccessful.

electronic monitoring as a substitute for further imprisonment.  The Government does not oppose Ms. Chee's request.

**I.**   **Ms. Chee Has Served Three Days in Official Detention for the Instant Offense.**

Counsel for Ms. Chee and the Government agree that Ms. Chee should be given credit for three days imprisonment because she already has served three days in official detention as a result of the instant offense.  Under 18 U.S.C. § 3585, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence."  18 U.S.C. § 3585(b).  According to the Federal Bureau of Prisons ("BOP") Sentence Computation Manual, BOP calculates any part of a day in official detention as a full day under 18 U.S.C. § 3585(b).  (BOP Prog. Stmt. 5880.58 at 1-12.)[3]  BOP further recognizes that a defendant who is placed on her own recognizance and required to report to USMS for processing is given credit for one day in official detention.  (*Id.* at 1-15 – 1-15A.)  Counsel for Ms. Chee and the Government are in agreement that Ms. Chee should receive two days credit for being in the custody of KAFB when she was arrested and detained from the evening of February 28, 2013 to the morning of March 1, 2013.  Additionally, counsel are in agreement that Ms. Chee should receive an additional one-day credit for being in USMS custody for processing on October 29, 2013.

**II.**   **Ms. Chee's Requested Sentence is Appropriate Under the ACA.**

In assimilating state criminal statutes into federal law, the ACA looks to the state's sentencing scheme to ensure that a defendant who is "guilty of a like offense [is] subject to a like

---

[3]   The BOP Sentence Computation Manual, Program Statement 5880.28 can be found online at http://www.bop.gov/policy/progstat/5880_028.pdf.

punishment." 18 U.S.C. § 13(a).  The requirement of a "like punishment," however, does not require the Court to "duplicate every last nuance of the sentence that would be imposed in state court," but instead requires that the defendant be sentenced within the minimum and maximum terms set forth under state law.  *United States v. Garcia*, 893 F.2d 250, 254 (10th Cir. 1989). Within this range, the Court must look to federal sentencing law and policy, including the Guidelines and 18 U.S.C. § 3553(a), to determine the specific sentence.  *Id.*

The New Mexico statute of conviction provides for a minimum term of imprisonment of four days.  *See* NMSA 1978, § 66-5-39(A).  Notwithstanding this, and as set forth in the PSR, "the Court may impose any judicial or administrative sanction that a State of New Mexico Court might impose, which includes participating in the location monitoring program."  (PSR ¶ 72); *see also* NMSA 1978, § 66-5-39(A) (permitting term of imprisonment to be served in certified alternative sentencing program).  Moreover, New Mexico state law allows for suspension of all or part of such a term of imprisonment and imposition of an equivalent term of probation.  *See* NMSA 1978, § 31-20-3(B) (authorizing court to suspend sentence in whole or in part); *id.* § 31-19-1 (requiring, in cases where sentence is suspended, that defendant be placed on supervised or unsupervised probation for all or some portion of the period of the suspension).  Therefore, were Ms. Chee sentenced in a New Mexico state court, she could receive a term of probation through a suspended sentence or be placed on location monitoring in lieu of imprisonment.

Similarly, under the U.S. Sentencing Guidelines, Ms. Chee is eligible for probation or home detention in lieu of further imprisonment.  Ms. Chee's advisory range under the Guidelines is zero to six months imprisonment.  Because Ms. Chee's Guidelines range falls within Zone A of the Sentencing Table, a term of imprisonment is not required.  U.S.S.G. § 5C1.1(b).  The Guidelines further provide that home detention may be imposed as a condition of probation or

5

supervised release as a substitute for imprisonment.  U.S.S.G. § 5F1.2.  Like the New Mexico

sentencing scheme, the federal Guidelines authorize a term of probation or supervised release in

lieu of imprisonment in Ms. Chee's case.

**II.**     **Ms. Chee's Requested Sentence is Appropriate Under Section 3553.**

A sentence of three days time served, followed by a limited term of supervised release

that includes two days home detention without electronic monitoring is appropriate in light of the

overarching goals of sentencing.  In imposing Ms. Chee's sentence, the Court must consider "the

nature and circumstances of the offense and the history and characteristics of [Ms. Chee]," 18

U.S.C. § 3553(a)(1), in light of the various purposes of sentencing enumerated in Section

3553(a)(2), including, *inter alia*, the need to provide just punishment, promote respect for the

law, afford adequate deterrence, protect the public from further crimes of the defendant, and

provide the defendant with needed educational training.

The requested sentence is sufficient, but not greater than necessary, to comply with the

purposes set forth in Section 3553(a)(2).  Ms. Chee has minimal criminal history, she is a 37-

year-old mother, and she is the sole caregiver of four minor children.  Given Ms. Chee's personal

situation, any sentence of incarceration or community confinement for this relatively minor

offense would impose significant hardship on Ms. Chee and her family.  Moreover, a lengthy

term of supervised release is unnecessary, as Ms. Chee has remained on release without

conditions for a number of months without incident and is not a danger to the public.  Rather, the

requested sentence would deter Ms. Chee from engaging in further criminal conduct, is just

punishment for the offense, and would afford Ms. Chee the opportunity to continue her education

at Pima Medical Institute.  Moreover, because the requested sentence falls within the Guidelines

range and is consistent with the types of punishment that would be imposed in state court, the requested sentence avoids unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(6).

Finally, the parties are in agreement that the requested term of two days home detention should be imposed without electronic monitoring. Such a condition is appropriate in light of Ms. Chee's minimal criminal history and the nature of the instant offense. In addition, given Ms. Chee's financial circumstances, the costs of electronic monitoring, which amount to approximately $22 to $45 per day, would pose a financial hardship for Ms. Chee.[4] Although electronic monitoring ordinarily is imposed as a component of home detention, another equally effective means of surveillance is permissible under the Guidelines. U.S.S.G. § 5F1.2, cmt. n.1. As the requested term of home detention is only two days, daily phone calls and/or visits by a Probation Officer would be as effective as electronic monitoring and would not impose a significant burden on the U.S. Probation Office for the District of Colorado.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Antoinette Chee respectfully requests that the Court impose a time-served sentence of three days imprisonment, followed by a limited term of supervised release that includes two days home detention without electronic monitoring as a substitute for further imprisonment.

---

[4]    It is undersigned counsel's understanding that the U.S. Probation Office for the District of Colorado would not pay for electronic monitoring, and Ms. Chee would be responsible for paying these costs.

Respectfully submitted,

COBERLY & ATTREP, LLLP


/s/ *Jennifer L. Attrep*
Jennifer L. Attrep
1322 Paseo de Peralta
Santa Fe, NM  87501
(505) 989-1029
jattrep@cna-law.com

*Attorney for Defendant Antoinette Chee*



## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2014, I filed the foregoing *Defendant Antoinette Chee's Sentencing Memorandum* using the CM/ECF system, which will electronically send notification of such filing to all counsel of record.


/s/ *Jennifer L. Attrep*
Jennifer L. Attrep